**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAHONING, TRUMBULL AND SHENANGO VALLEY CENTRAL ADMINISTRATIVE AGENCY by its Board of Trustees, | ) | CASE NO. 4:26-cv-1927 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| GEORGE BABYAK PAINTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is an amended motion from the Mahoning, Trumbull and Shenango Valley Central Administrative Agency (the "Agency") for a default judgment against defendant George Babyak Painting, Inc. ("Babyak") and an award of damages and injunctive relief pursuant to the provisions of the Employment Retirement Income Security Act of 1964 ("ERISA"), 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Doc. No. 6 (Motion); Doc. Nos. 7-1, 8-1 (Amended Motion).) The motion is unopposed. For the reasons stated below, the Agency's motion as amended is **GRANTED** in part and **DENIED** without prejudice in part.

## I. BACKGROUND

On August 14, 2026, the Agency[1] brought this action against Babyak to collect fringe benefit contributions, payroll and dues deductions, liquidated damages, interest, and other costs, pursuant to Section 502(a)(3) of ERISA, as amended, 29 U.S.C. § 1132(a)(3), and Section 301 of the LMRA, 29 U.S.C. § 185. (*See* Doc. No. 1, at 12–14.) On August 17, 2026, the Clerk served the summons and complaint on Babyak by certified mail. (08/17/2026 Service by Clerk.) Service was executed on August 20, 2026. (Doc. No. 3 (Return of Service by Clerk).) On September 14, 2026, the Agency applied for an entry of default against Babyak (Doc. No. 4), and the Clerk entered a default against Babyak on September 17, 2026. (Doc. No. 5.)

The Agency now seeks: (1) $14,515.56 in liquidated damages and $4,980.15 in interest; (2) an award to be determined for all known and owed contributions, payroll deductions, administrative dues, liquidated damages, and interest; (3) an award for all other unpaid contributions, payroll deductions, administrative dues, liquidated damages, and interest found during a payroll audit; and (4) an award of reasonable attorney fees and other costs, including payroll audit costs, incurred in prosecuting this action, including $7,017.88 expended so far. (Doc. No. 8-1, at 1–3; Doc. No. 8-2, at 8–9.) In addition to this monetary relief, the Agency seeks an order (1) requiring Babyak to submit fringe benefit reports; (2) finding Babyak in violation of various declarations, agreements of trust, and collective bargaining agreements; (3) requiring Babyak to timely submit all missing fringe benefit reports in the future; (4) requiring Babyak to comply with the Agency's request to examine and review the documents necessary to complete a

[1] The Agency "is a collections agent and ERISA fiduciary established under the various collective-bargaining agreements for a number of multiemployer benefit funds" ("ERISA Funds" and "Union and Union Funds," respectively). (Doc. No. 1 (Complaint) ¶¶ 4–5 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).)

payroll audit, as well as provide access to all records necessary to perform that audit; (5) requiring Babyak to "submit reports reflecting all hours worked by each of its employees" at any location during certain months, including at the "Crestview Local Schools New PK-12 Project"; (6) requiring Babyak to pay all costs associated with the audit; (7) requiring Babyak to pay any unpaid contributions, interest, liquidated damages, unpaid payroll deductions, and administrative dues uncovered by the audit, and other costs, and associated attorney's fees; (8) permanently enjoining Babyak from committing future ERISA or LMRA violations; (9) post-judgment interest; and (10) that the Court retain jurisdiction over this matter. (Doc. No. 8-1, at 1–4.)

## II. LAW AND DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides that default judgment may be entered against a defendant who is neither a minor nor an incompetent person. *See Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-cv-847, 2010 WL 4638057, at *1 (N.D. Ohio Nov. 5, 2010). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

According to the complaint, "Babyak has failed to submit fringe benefit reports and pay contributions to the Agency" in violation of Section 515 of ERISA, 29 U.S.C. § 1145. (Doc. No. 1, at 6–7 ¶¶ 28, 36.) Babyak "has failed to pay liquidated damages and interest owed for its late payment of contributions" in violation of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). (*Id.* ¶¶ 29, 37–38.) Babyak also failed to timely "make payroll deductions and deduct

administrative dues" on behalf of the Union and Union Funds in violation Section 301 of the LMRA, 29 U.S.C. § 185. (*Id.* ¶¶ 3, 57–59). Finally, Babyak has failed to comply with the Agency's audit demand in violation of Section 502(a) of ERISA, 29 U.S.C. § 1132(a)(3), and Section 301 of the LMRA, 29 U.S.C. § 185, as amended. (*Id.* ¶¶ 47–56, 60–64.) Babyak, by virtue of its default, is deemed to have admitted these allegations. Accordingly, the Agency is now entitled to default judgment as to liability with respect to their claims that Babyak violated ERISA and the LMRA.[2]

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citation omitted); *Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-cv-74510, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2022) (the allegations of the complaint regarding the amount of damages are not controlling (citations omitted)). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

The Agency suggests that the determination of their damages and fees is subject to a clear mathematical calculation, and they have presented an affidavit, a declaration, and attorney billing sheets in support. (Doc. No. 8-2, at 8–9; *see* Doc. No. 8-3 (Affidavit of Jonathan W. Sobel); Doc. No. 8-5 (Declaration of Timothy Myers); Doc. Nos. 8-4, 8-7 (Attorney Billing Summary).) But the Agency also seeks a payroll audit to determine if additional monies are owed. As a result, a final amount of damages has yet to be determined. Rather than award damages piecemeal, the

---

[2] The Agency alleges that, since they filed their complaint, Babyak has "failed to submit fringe benefit reports and pay contributions to Plaintiff for the months of July 2026 and August 2026." (Doc. No. 8-2, at 5 n.1.) Pursuant to § 1132(g)(2), to the extent a payroll audit uncovers unpaid contributions (*see* Doc. No. 1, at 14 ¶ 16), the Court will award proper relief.

Court finds that the better approach is to order the audit and upon its completion determine the appropriate relief.

## III. CONCLUSION

For the foregoing reasons, the Agency's motion for default judgment is **GRANTED** on the issue of liability and **DENIED** without prejudice on the issue of damages and injunctive relief. Further:

1. Babyak is **ORDERED** to submit to a payroll audit to determine if any additional funds have been wrongfully withheld in violation of ERISA and the LMRA, including submitting reports on all hours worked by each of its employees during the months specified in the Agency's motion. Any such audit must be completed by January 28, 2027.

2. Babyak is further **ORDERED** to comply with the Agency's requests to examine and review any documents necessary to complete the payroll audit.

3. The parties shall provide interim status reports every 30 days and notify the Court upon completion of the audit.

4. The Court will set a hearing on the issue of damages, if necessary, when the audit required by this Order has concluded.

**IT IS SO ORDERED**.

Dated: October 26, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**